UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| JOSEPH JOHNSON-BEY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JAMES M. LAMMEY, et al.,<br><br>　　　　　Defendants. | Case No. 19-cv-03762-LB<br><br>**ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE TRANSFERRED TO THE WESTERN DISTRICT OF TENNESSEE**<br><br>Re: ECF No. 2 |

　　Plaintiff Joseph Johnson-Bey #06143, who is representing himself, sued the State of Tennessee, James M. Lammey, and Tom Leith (both attorneys).[1] In his complaint, he claims violations of "Treaty Law Article III Jurisdiction – Violation of Unalienable Rights," violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), libel, slander, and defamation based on his alleged arrested and subsequent detention, which he characterizes as being "held for

---

[1] Compl. – ECF No. 1 at 1. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents. In his complaint, the plaintiff also names the Shelby County Sheriff's Office, the Memphis Police Department, Heidi Kuhn (a "criminal court clerk), and Tennessee Secretary of State Tre Hargett under the heading "Defendants" in his complaint. *Id.* at 10. They are not listed in the complaint's caption or civil coversheet, and he did not submit summonses for them. *See id;* Civil Cover Sheet – ECF No. 1-1.

ORDER – No. 19-cv-03762-LB

ransom for 121 days" against his will "even after it was clear that the court lacked jurisdiction."[2] He seeks $25,000,000, court costs, and injunctive relief.[3]

The Eleventh Amendment likely bars the plaintiff's claim against the State of Tennessee. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Beentjes v. Placer Cnty. Air Pollution Control Dist.,* 397 F.3d 775, 777 (9th Cir. 2005) (citation and internal punctuation omitted).

The individually named defendants are residents of the state of Tennessee.[4] The plaintiff is also a resident of Tennessee, and from the complaint, the court surmises that the acts surrounding the allegedly wrongful arrest and detention took place there. If that is true, there is no venue in the Northern District of California.

"A civil action may be brought in — (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

If venue is improper, the court may either dismiss the case without prejudice, or, if it is in the "interest of justice," transfer the case "to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *In re Hall, Bayoutree Assocs., Ltd.,* 939 F.2d 802, 804 (9th Cir.

---

[2] Compl. – ECF No. 1 at 3, 11 (¶¶ 2–3, 7).

[3] *Id.* at 13–14 (¶¶ 1–8).

[4] *Id.* at 10.

1991). Ordinarily, the interest of justice requires transferring the case to a proper venue rather than dismissing the case. *See Baeta v. Sonchik*, 273 F.3d 1261, 1264–65 (9th Cir. 2001). An action may be transferred to another court if: (1) that court is one where the action might have been brought; (2) the transfer serves the convenience of the parties; and (3) the transfer will promote the interests of justice. *Kinney v. Gutierrez*, No. 3:16-cv-02287-LB, 2016 WL 4268679, at *2 (N.D. Cal. Aug. 15, 2016) (citing *E & J Gallo Winery v. F. & P. S.p.A.,* 899 F. Supp. 465, 466 (E.D. Cal. 1994)).

Under the circumstances, the court orders the plaintiff to show cause in writing by July 17, 2019 why his case should not be transferred to the Western District of Tennessee for lack of proper venue. By July 17, 2019, the plaintiff must do one of the following: (1) show cause in writing (in no more than five pages) why the court should not transfer his case to the Western District of Tennessee; (2) file a statement of non-opposition to the transfer; or (3) dismiss the case without prejudice by filing a one-page notice of voluntary dismissal.

**IT IS SO ORDERED.**

Dated: July 3, 2019

LAUREL BEELER
United States Magistrate Judge