UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| JOSEPH JOHNSON-BEY, <br><br> Plaintiff, <br><br> v. <br><br> JAMES M. LAMMEY, et al., <br><br> Defendants. | Case No. 19-cv-03762-LB <br><br> **ORDER TRANSFERRING CASE TO THE WESTERN DISTRICT OF TENNESSEE** <br><br> Re: ECF No. 1 |

Plaintiff Joseph Johnson-Bey #06143, who is representing himself, sued the State of Tennessee, James M. Lammey, and Tom Leith (both attorneys).[1] In his complaint, he claims violations of "Treaty Law Article III Jurisdiction – Violation of Unalienable Rights," violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), libel, slander, and defamation based on his alleged arrested and subsequent detention, which he characterizes as being "held for ransom for 121 days" against his will "even after it was clear that the court lacked jurisdiction."[2]

---

[1] Compl. – ECF No. 1 at 1. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents. In his complaint, the plaintiff also names the Shelby County Sheriff's Office, the Memphis Police Department, Heidi Kuhn (a "criminal court clerk), and Tennessee Secretary of State Tre Hargett under the heading "Defendants" in his complaint. *Id.* at 10. They are not listed in the complaint's caption or civil coversheet, and he did not submit summonses for them. *See id;* Civil Cover Sheet – ECF No. 1-1.

[2] Compl. – ECF No. 1 at 3, 11 (¶¶ 2–3, 7).

ORDER – No. 19-cv-03762-LB

He seeks $25,000,000, court costs, and injunctive relief.[3] The plaintiff and the named defendants are residents of the state of Tennessee, and the alleged wrongful arrest and detention took place there. Thus, venue does not lie in the Northern District of California.

"A civil action may be brought in — (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

If venue is improper, the court may either dismiss the case without prejudice, or, if it is in the "interest of justice," transfer the case "to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *In re Hall, Bayoutree Assocs., Ltd.,* 939 F.2d 802, 804 (9th Cir. 1991). Ordinarily, the interest of justice requires transferring the case to a proper venue rather than dismissing the case. *See Baeta v. Sonchik*, 273 F.3d 1261, 1264–65 (9th Cir. 2001). An action may be transferred to another court if: (1) that court is one where the action might have been brought; (2) the transfer serves the convenience of the parties; and (3) the transfer will promote the interests of justice. *Kinney v. Gutierrez*, No. 3:16-cv-02287-LB, 2016 WL 4268679, at *2 (N.D. Cal. Aug. 15, 2016) (citing *E & J Gallo Winery v. F. & P. S.p.A.,* 899 F. Supp. 465, 466 (E.D. Cal. 1994)).

The court issued an order giving the plaintiff an opportunity to show cause by July 17, 2019 why the court should not transfer his case to the Western District of Tennessee. He did not respond. Because venue is not in the Northern District, the court transfers the case to the Western District of Tennessee.

**IT IS SO ORDERED.**

Dated: July 25, 2019

LAUREL BEELER
United States Magistrate Judge

---

[3] *Id.* at 13–14 (¶¶ 1–8).